Concurring Opinion by
Watts, J.
Respectfully, I concur. I would remand the case to the Circuit Court for Baltimore City because I agree with the Majority that it remains to be seen whether Terrance Darnell Fields can be substituted as a plaintiff -with standing, or *400 whether anyone else has standing with respect to the complaint for declaratory judgment. See Maj. Op. at 397-98, 152 A.3d at 839. I would, however, have dismissed the appeal of the denial of the temporary restraining order based on the lack of standing of Voters Organized for the Integrity of City Elections (“VOICE”), Appellant, as to the election claims, and because, although Hassan Giordano, Appellant, may have had standing as a registered voter under Md. Code Ann., Election Law § 12-202, the election claims were barred by the doctrine of laches.
As to the election claims, Appellants filed the action on October 28, 2016—eleven days before the 2016 general election—when the claims could have been filed as early as the April 2016 primary election. “The doctrine of laches, which is both an affirmative defense and an equitable defense, applies where there is an unreasonable delay in the assertion of one party’s rights and that delay results in prejudice to the opposing party.” Jones v. State, 445 Md. 324, 339, 126 A.3d 1162, 1171 (2015) (citation, brackets, and internal quotation marks omitted). Moreover, the doctrine of laches has been invoked to bar election claims “where the delay in seeking judicial relief was measured in days[.]” Baker v. O’Malley, 217 Md.App. 288, 296, 92 A.3d 588, 593, cert. denied, 440 Md. 115, 99 A.3d 779 (2014). I would have found both aspects of the doctrine of laches to be satisfied. I would not have dismissed the appeal on the ground that it was moot, i.e., that there was not enough time to take action, and that no order giving Appellants the relief that they sought could have been implemented.
In other words, the case should be remanded to the circuit court for action consistent with Part II.C of the majority opinion because VOICE’S lack of standing and the doctrine of laches barring the election claims precluded this Court from considering the appeal. In my view, the potential timing of an order to be issued by this Court the day before the 2016 general election did not render the appeal moot.
For the above reasons, respectfully, I concur.